**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JAMES EDWARD SCHMIDT,**

    Plaintiff,

vs.                                                        Case No: 08-10037
                                                        Honorable Victoria A. Roberts

**INTERNAL REVENUE SERVICE,**

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss. For the following reasons the Court **GRANTS** the motion.

**II.    BACKGROUND**

James Edward Schmidt ("Plaintiff") is a pro se Plaintiff. He seeks damages arising from the Internal Revenue Service's ("Defendant") alleged discrimination against him under Titles I, II, and III of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111, *et seq*. By suing the IRS, Plaintiff essentially sues the United States. *Hartman v. Alliance Mortg. Co.*, Nos. 98-5705/98-6172, 1999 U.S. App. LEXIS 23675 (6th Cir. Sept. 23, 1999) (unpublished) (citing *Dugan v. Rank*, 372 U.S. 609 (1963)) ("Even if the United States is not a named party, a suit is against the United States if the judgment sought would compel it to act.").

1

## III. STANDARD

When reviewing a Rule 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses." *Miller*, 50 F.3d at 377. The Court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Gazette*, 41 F.3d at 1064; *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Rather, the complaint must contain either direct or inferential allegations concerning all the material elements to sustain a recovery under some viable legal theory. *Id.* While Plaintiff's pro se complaint is read less stringently than formal pleadings drafted by lawyers, the Court applies the same legal standard to the allegations. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

Although Plaintiff incorrectly served Defendant instead of the United States Attorney for the Eastern District of Michigan or the Attorney General, Defendant voluntarily responds and waives improper service.

**IV.    ANALYSIS**

Plaintiff provided documentation to Defendant allegedly demonstrating Maretta Diane Markin-Hampton's ("Maretta") underpayment of $12,370,600 in federal income taxes. According to Plaintiff, Defendant discriminated against him when it failed to grant him a whistleblower award of 10% of Maretta's alleged underpayment.

It is true that 26 U.S.C. § 7623(b)(2) permits Defendant to "award such sums as it considers appropriate, but in no case more than 10 percent of the collected proceeds . . . resulting from the action . . . ." 26 U.S.C. § 7623(b)(2). However, an award under this statute is entirely discretionary, unless there have been negotiations and an explicit agreement on the amount of an award. *See Carelli v. Internal Revenue Service*, 668 F.2d 902, 904-905 (6th Cir. 1982); *Krug v. United States*, 41 Fed. Cl. 96, 98 (Fed. Cl. 1998) ("[A]n enforceable contract will arise . . . only after informant and IRS negotiate and fix a specific award . . . .") (quotations omitted); *Merrick v. United States*, 846 F.2d 725, 726 (Fed. Cir. 1988) ("The United States cannot be contractually bound merely by invoking the cited statute and regulation. An enforceable contract will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward.") (citation omitted). Plaintiff does not allege he successfully completed negotiations with Defendant for a specific amount.

In apparent acknowledgment of the discretionary nature of § 7623(b)(2), Plaintiff seeks a remedy under the ADA, and asks for damages under that statute equal to 10% of the unpaid taxes. However, the ADA does not provide relief for Plaintiff's claims under Titles I, II, or III. Title I prohibits employment discrimination against disabled

3

persons by employers with fifteen or more employees.  42 U.S.C. § 12112(a).  Claims under Title I must first be filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  See *Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 935-936 (M.D. Tenn. 2008) (quoting *Smith v. Ky. State Univ.*, 97 Fed. Appx. 22, 26 (6th Cir. 2004) (unpublished)) ("The key question presented by the defendants' exhaustion argument is whether the new allegations that the plaintiffs were 'regarded as' disabled fall within the scope of the existing EEOC charge."); *Braud v. Cuyahoga County Career Ctr.*, No. 06-1059, 2007 U.S. Dist. LEXIS 22526, at *8 (N.D. Ohio Mar. 27, 2007); *Holt v. Ohio*, No. 05-894, 2006 U.S. Dist. LEXIS 69960, at *20 (S.D. Ohio Sept. 26, 2006); *see also Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)).  Plaintiff did not file a complaint with the EEOC, and moreover, does not allege employment discrimination.

An action under Title II cannot be brought against the United States.  42 U.S.C. §§ 12131-12132; *Isle Royale Boaters Ass'n v. Norton*, 154 F. Supp. 2d 1098, 1135 (W.D. Mich. 2001) ("Plaintiffs may not sue . . . a unit of the federal government, for discrimination under [Title II of] the ADA.").

Last, Title III applies only to private entities.  42 U.S.C. §§ 12182-12181; *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1036 (6th Cir. 1995) ("Generally stated, title III of the ADA, 42 U.S.C. §§ 12181-89, prohibits discrimination on the basis of disability in public accommodations operated by private entities.").

Although Defendant argues the merits of Plaintiff's claim under the statutory scheme of 26 U.S.C. § 7623, review of Plaintiff's complaint reveals his request for 10% of Maretta Diane Markin-Hampton's allegedly unpaid taxes as damages, not as a cause

4

of action under § 7623(b).

Even construing Plaintiff's pro se complaint liberally, and assuming he also makes a direct claim under § 7623(b), where there is no agreed upon reward, the Government has not waived sovereign immunity to suit under § 7623(b). *See Hartman v. Alliance Mortg. Co.*, No. 98-5705/98-6172, 1999 U.S. App. LEXIS 23675, at *5 (6th Cir. Sept. 23, 1999) (unpublished) (citing *Carelli*, 668 F.2d at 904). Under § 7623(4), the denial of an award is appealable within thirty days to the United States Tax Court. Not only did Plaintiff fail to appeal to the Tax Court, he does not allege that there has been a final determination regarding his request. Even if Plaintiff had a cause of action under § 7623, this Court lacks jurisdiction to hear the claim because it has a value over $10,000. 28 U.S.C. § 1346(a)-(a)(2) ("The district courts shall have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress . . . .").

## V. CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS ORDERED**.

                                        /s/ Victoria A. Roberts  
                                        Victoria A. Roberts  
                                        United States District Judge

Dated: May 15, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and James Edward Schmidt by electronic means or U.S. Mail on May 15, 2008. |
| s/Linda Vertriest |
| Deputy Clerk |